IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DELON LESTER DOUDNA                                                              PLAINTIFF

V.                              NO. 13-5092

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Delon Lester Doudna, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on October 4, 2010, alleging an inability to work since January 2007,[1] due to a broken back and a skin condition. (Tr. 114-115, 118-123, 137, 141). An administrative hearing was held on March 2, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

By written decision dated April 27, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar spine,

---

[1] Plaintiff amended his onset date from March 1, 2005 to January of 2007 at the administrative hearing (Tr. 27).

spondylolisthesis of the lumbar spine at L5-S1, degenerative joint disease, and psoriasis. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to return to his past relevant work, but there were other jobs Plaintiff would be able to perform, such as assembler and machine tender. (Tr. 16-17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 29, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**I.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ failed to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility analysis; 3) The ALJ erred in his RFC determination: and 4) The ALJ erred in finding Plaintiff could perform light work on a sustained basis. (Doc. 12).

    **A.     Combination of Impairments:**

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 12). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 12). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 13). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered

Plaintiff's impairments in combination.

  **B.**  **Credibility Analysis:**

  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

  In this case, the ALJ discussed the fact that Plaintiff has not generally received the type of medical treatment one would expect for a totally disabled individual, and that Plaintiff has not taken any narcotic based pain relieving medications in spite of allegations of limiting back pain. (Tr. 14). He also noted that Plaintiff was not currently under any medical treatment for psoriasis, and reported that steroid cream had been an effective treatment. (Tr. 15). The ALJ acknowledged that pain was substantiated by the record, but found that Plaintiff's degree of pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of the RFC determination. (Tr. 15). The ALJ also considered Plaintiff's daily activities, noting that Plaintiff reported no difficulty with personal care and prepared his own meals and did daily chores. (Tr. 15). He went outside daily, shopped for groceries, and spent

time with others. (Tr. 15). The ALJ also considered all of the medical records, including the medical image reports as well as the various physicians' opinions.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In making his RFC determination, the ALJ considered the medical records, which revealed that Plaintiff's lumbar spine x-rays showed multilevel degenerative disc disease and grade I spondylolisthesis. (Tr. 14). The ALJ also discussed the results of the General Physical Examination, dated January 18, 2011, performed by Dr. C.R. Magness, who diagnosed Plaintiff with post traumatic degenerative joint disease, degenerative joint disease of the left ankle/foot

and right forearm, radiculopathy in the lower left extremity, and psoriasis. (Tr. 15). Dr. Magness concluded that Plaintiff had moderate to severe limitations in lifting/carrying and mild to moderate limitations in walking/standing. (Tr. 15).

The ALJ acknowledged Plaintiff's complaints of pain, but after considering his treatment records, the medical records, daily activities, and lack of medication, concluded Plaintiff was capable of light work. The ALJ concurred with the opinions of the non-examining state agency consultants, who, after considering the records, concluded that Plaintiff could perform light work with postural limitations. The RFC also takes into account Dr. Magness' opinion, as well as the state agency opinions, by limiting Plaintiff to light work. In addition, the jobs identified by the VE that Plaintiff could perform do not involve any of the postural limitations assessed by the Physical RFC completed by Dr. Karmen Hopkins on January 27, 2011. (Tr. 237-244).

Accordingly, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.  Performance of Light Work:

In the hypothetical question posed to the VE by the ALJ, the ALJ asked:

> Q: Assume we have an individual who has the same age, education, and work background as that of the claimant. Assume further this individual were [sic] limited from an exertional standpoint to no more than light work. We'll leave it for the time being for a full range of light. Could such a person perform either of those [previous] jobs?
> A: No, sir.
> Q. Are there other jobs such a person could perform?
> A. Yes, sir. There are light jobs such an individual could perform such as assembler and machine tender jobs.

(Tr. 44). The hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole, Goff v. Barnhart, 421

-7-

F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's responses to the hypothetical questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as an assembler and machine tender. <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of May, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE